UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| LONA TRACEE WHITLEY, *ex rel.*, S.B. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:24-cv-00365-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISIONER OF SOCIAL SECURITY | ) | **&** |
| ADMINISTRATION, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Plaintiff Whitley's Motion for Attorney Fees.[1] [R. 19]. The issue before the Court is not complicated. Plaintiff's counsel seeks an award of attorney's fees under the Equal Access to Justice Act (EAJA). The Commissioner does not object to an EAJA award. But the Commissioner argues that the requested fee amount is neither proportionate to the work performed nor calculated at an appropriate hourly rate. Because the Court agrees with some of the Commissioner's arguments, the Court will impose a modified EAJA award below what Plaintiff's counsel requests.

**I**

This matter is a fee dispute involving Plaintiff Whitley's successful appeal of a prior adverse decision by the Social Security Administration. Plaintiff Lona Tracee Whitley is S.B.'s aunt, guardian, and conservator. [R. 11-5 at 9–15]. Moving on behalf of S.B., Whitley filed her Plaintiff's brief on March 5, 2025. [R. 14]. On April 1, 2025, the Commissioner filed an unopposed motion to remand the case after reviewing the record and determining that the

---

[1] Plaintiff Whitley later filed a Motion for Order resolving the Motion for Attorney's Fees. [R. 24].

administrative law judge erred. [R. 16]. The Court granted the motion to remand and entered a Judgment reversing and remanding the decision of the Commissioner for further administrative proceedings. [Rs. 17, 18]. Whitley filed the motion for attorney fees on April 22, 2025. [R. 19].

This is not the first time that Whitley, acting on behalf of S.B., appealed an adverse decision of the Commissioner. It is likewise not the first time that plaintiff's attorney Bryan Konoski represented Whitley. Between September 2022 and January 2024, Konoski represented Whitley in an earlier denial of benefits action. *See Whitley v. SSA*, 5:23-cv-258-MAS (E.D. Ky. Jan. 3, 2024). As in this case, the Commissioner voluntarily remanded. *Id.* at [Rs. 17, 18, 19]. In other words, Whitley had to appeal the Commissioner's denial of benefits twice: once in the earlier case, and again in this action.  In the earlier case, the parties entered a stipulated motion for award of attorney fees granting Plaintiff EAJA attorney fees in the amount of $8,000. *Id.* at [R. 21].

The prior case informs much of the present fee dispute for reasons that will become clear. In the present matter, Plaintiff's counsel requested $9,650.01 in total fees and expenses under EAJA based on 40 hours of work. [R. 19-3 at 2; R. 19 at 7]. The Commissioner responded in opposition to this request, "agree[ing] that some award of EAJA fees is appropriate" but submitting that "a reduction of fees is warranted." [R. 20 at 1]. The Commissioner raised three issues in support of his position. First, that Plaintiff's counsel "claims he spent 30 attorney hours preparing the brief he filed in this case, but the substantial majority of it was cut-and-pasted from a brief he filed in a previous case." [*Id.* at 1.] Second, that Plaintiff's counsel did not provide any support for his requested attorney rate of $251.25 and for a paralegal rate of $120, exceeding the EAJA's statutory rate of $125 per hour for attorneys and the Eastern District of Kentucky's standard award for paralegal time, respectively. [*Id.*] And third, that Plaintiff's counsel requested

2

expenses and fees for the *pro hac vice* filing fee and time preparing the motion, which the Commissioner argues is not recoverable under the EAJA. [*Id.*] The Commissioner proposed that Whitley's EAJA award should be $1,400. [*Id.* at 2]. On reply, Whitley defended the fee calculations and requested an additional 11.8 hours to reflect the preparation of the reply brief. [R. 23].

## II

"The Equal Access to Justice Act (EAJA) directs a court to award 'fees and other expenses' to private parties who prevail in litigation against the United States if, among other conditions, the position of the United States was not 'substantially justified.'" *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990); 28 U.S.C. § 2412(d)(1)(A). The EAJA's purpose is to incentivize challenging unreasonable government action by removing financial obstacles that would otherwise preclude such litigation. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445–46 (6th Cir. 2009). After determining that a party is eligible for EAJA fees, the Court looks to "the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016). This lodestar method reflects "the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The EAJA imposes a statutory cap of "$125 per hour" on the rate used to calculate the attorney award "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Where a Plaintiff seeks to exceed this cap, they "bear the burden of producing appropriate evidence" to support their position. *Bryant*, 578 F.3d at 450. Plaintiffs meet this burden where they "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A district court determining a fee award should "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

## A

The first issue before the Court is whether to accept or modify Plaintiff's proposed 53.3 work hours. The Supreme Court cautions that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, *redundant*, or otherwise unnecessary, just as a lawyer in private ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434 (emphasis added). An award of attorney fees must be "reasonable." 28 U.S.C. § 2412(d)(2)(A). The plaintiff has the burden of demonstrating whether the requested fee is reasonable. *Bryant*, 578 F.3d at 443. This naturally includes an evaluation of the reasonableness of the submitted attorney hours. A request for fees must include "an itemized statement from any attorney . . . representing or appearing on behalf of the party stating the actual time expended and the rate at which the fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).

The Commissioner points out that Plaintiff's attorney did not submit a reasonable number of hours because he cut-and-pasted a majority of the plaintiff's brief from the earlier case. [R. 20 at 2–3]. The amount of copied material is substantial.[2] The Court independently compared the plaintiff's brief in this case and the brief submitted in the prior case. The new brief's total word count was 8,803 words. Of those, just 2,178 differed or were new additions. A full 6,625 words were copied verbatim from the previous brief. Described in percentages, this means

---

[2] The Commissioner attached both briefs in question and highlighted the relevant portions that were identical. [*See* R. 20-1; R. 20-2].

4

approximately 75.3 percent of the brief was a verbatim recitation of the prior version. Only 24.7 percent of the brief contained different material. In a footnote, the Commissioner clarifies that he "takes no issue with Plaintiff's counsel copying and pasting," but rather argues that "the number of hours claimed for working on the brief should reflect the time he saved by doing so." [*Id.* at 3 n.2]. Further, the Commissioner provided the submitted timesheet from the previous case showing that Plaintiff's counsel claimed 41.4 hours of total work, including 26 hours of researching, writing, and editing the brief. [R. 20-3]. In this action, Plaintiff's counsel initially submitted a timesheet claiming 40 hours of total work, including 30 hours of researching, writing, and editing the plaintiff's brief. [R. 19-3]. In the Commissioner's words, "It defies logic that Plaintiff's counsel spent more time drafting the brief in this case than he did in the previous case, even though 60 of the 70 paragraphs of the brief in this case contained language copied directly from the brief in the previous case." [R. 20 at 3].

Courts in this district regularly reduce EAJA awards when faced with hourly claims for material copied from previous filings. *See English v. Comm'r of Soc. Sec.*, No. 1:11CV2794, 2012 U.S. Dist. LEXIS 124085, at *10–11 (N.D. Ohio Aug. 31, 2012) (exercising discretion in reducing EAJA award where attorney copied 64.6 percent of a prior filing); *Payne v. Comm'r of Soc. Sec.*, No. 13-13561, 2015 U.S. Dist. LEXIS 116360, at *4–5 (E.D. Mich. Aug. 14, 2015) (reducing hours where counsel copied several pages verbatim from prior filing); *Moxley v. Comm'r of Soc. Sec.*, No. 1:15CV1533, 2016 WL 5922382 (N.D. Ohio Sept. 7, 2016) (reducing EAJA award due to duplicative work) (citation modified). The Court agrees with the *English* court's opinion that "at some point, a message must be sent that counsel may not simply spend the Government's money by repeatedly billing for substantially the same work." 2012 U.S. Dist. LEXIS 124085, at *24–25. District Courts have clear discretion in determining the amount of an

EAJA award, including the discretion to reduce the hours submitted by an attorney. *See Williams v. Dudek*, 780 F. Supp. 3d 709, 712 (W.D. Ky. 2025). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

The Court will reduce the number of hours submitted by Plaintiff's counsel. The Commissioner suggests that the Court simply subtract the total hours worked on the plaintiff's brief from the previous case (26) from the requested fee amount in this case. [R. 20 at 5]. This is not a wise approach. Plaintiff's counsel clearly did some additional work, reflected by the inclusion of new material in the brief and the consideration of the administrative law judge's new decision. [*See* R. 23 at 2–5] (explaining novel work). Additionally, Plaintiff's counsel is entitled to the fees spent litigating this additional fee dispute. *See generally Jean*, 496 U.S. at 165–66 (holding that a second finding of "substantial justification" is not required before awarding EAJA fees for fee litigation). Instead, the Court reduces the total hours spent researching, drafting, and reviewing the plaintiff's brief by 75.3 percent, the figure capturing the amount that Plaintiff's counsel copied from the earlier brief. This acknowledges that 24.7 percent of the brief contained different and new material from the earlier filing. In the revised time sheet, Plaintiff's counsel tallied 30 hours spent preparing, researching, drafting, and reviewing the plaintiff's brief.[3] [R. 23-8]. Applying this calculation, the Court exercises its discretion and reduces the hours spent on drafting the plaintiff's brief to 7.4 hours.[4]

Additionally, the Commissioner argues that the Plaintiff cannot recover the 1.0 hour of paralegal time spent preparing the *pro hac vice* motion as well as the fee. [R. 20 at 9–10]. "Although the Sixth Circuit has not addressed the issue of whether *pro hac vice* fees are

---

[3] Specifically, 8.4 hours to "begin preparation of opening brief;" 7.1 hours to "Complete [Argument IB]" and "draft [Argument II];" 6.0 hours to "research and draft [Argument III]" and other items; 4.0 hours to "draft conclusion" and perform additional review; and 4.5 hours to "review before filing." [R. 23-8].
[4] Thirty (hours) multiplied by 0.247 equates to 7.422 hours, rounded to 7.4 hours total.

recoverable costs, other districts within the Sixth Circuit have found that they are unrecoverable." *Clay v. Berryhill*, No. 17-2586-DKV, 2019 WL 12711724, at *1 (W.D. Tenn. July 29, 2019) (collecting cases). The Eastern District of Kentucky, likewise, does not favor this practice. *Morangello on behalf of J.N.M. v. Saul*, No. 6:20-CV-142-CHB, 2021 WL 5713534, at *1 (E.D. Ky. May 5, 2021). It follows that if fees for preparing a *pro hac vice* motion are not recoverable, then the time spent preparing such a motion is similarly not recoverable. The Court also questions whether the claimed 1.0 hour of paralegal time to prepare a *pro hac vice* motion is plausible when the motion is substantially identical to the *pro hac vice* motion from the earlier case. *Compare* [R. 6-1] *with* 5:23-cv-00258-MAS, [R. 6-1].Plaintiff did not address this argument on Reply. Accordingly, the Court will strike both the fee and hour request for the preparation of the *pro hac vice* motion.

Thus, to conclude, the Court in its discretion finds that Plaintiff is entitled to a total EAJA award reflecting work performed for 29.2 hours.[5] This rewards the time spent "reviewing to determine if we will accept the case" (2.5), "preparation of *in forma pauperis*" (1.5), "preparation of complaint and cover sheet" (1.5), reviewing the administrative record (3.5), the modified hours working on the plaintiff's brief (7.4), the time to "prepare and file EAJA motion" (1.5), "prepar[ing] EAJA reply" (6.0), additional work on the EAJA reply (4.8), and contacting attorneys for their declaration (0.5). [*See* R. 23-8].

**B**

The next issue before the court is whether Plaintiff's counsel's requested attorney hourly rate and paralegal hourly rate are excessive under the EAJA. The EAJA caps attorney fee awards at $125 per hour "unless the court determines that an increase in the cost of living or a special

---

[5] In Part (B)(2), the Court finds than an hour of paralegal time is "clerical" work and thus not compensable under the EAJA.

7

factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant*, 578 F.3d at 450. "Plaintiffs must produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (citation modified). The "relevant community" refers to the metropolitan area in which the case was brought, and not the community in which out-of-state counsel resides. *Kalar v. Astrue*, No. CIV.A. 10-428-JBC, 2012 WL 2873815, at *1 (E.D. Ky. July 13, 2012) (citing *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986)). The Sixth Circuit "requires a plaintiff seeking an attorney's fee of greater than $125 per hour to show by competent evidence both that the cost of living justifies a higher rate *and*, as the statute itself requires, that the fee is in line with those prevailing in the community[.]" *Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1098 (6th Cir. 2016) (emphasis in original) (citation modified). Solely submitting Consumer Price Index (CPI) data to justify a higher attorney fee is insufficient because while it establishes an increase in the cost of living it fails to capture what the prevailing market rate in a local community would have been. *Id.* To justify a higher fee, Whitley can produce "evidence of fees billed and received in the same geographic area for the pertinent area of practice as well as proof of the historical fee reimbursement rate in the district." *Phipps v. Kijakazi*, No. 5:22-CV-00155-MAS, 2023 U.S. Dist. LEXIS 250221, at *3 (E.D. Ky. Mar. 14, 2023) (citation modified).

**1**

Whitley requests an attorney hourly rate of $245 per hour. [R. 23-8]. In the initial motion, Whitley stated that "Judges typically set hourly rates according to the Consumer Price Index, adjusting the statutory rate for inflation based upon the date in which the fees were incurred," and submitted CPI information for and law attorney fee surveys for the New York and New Jersey region, where Plaintiff's counsel practices. [R. 19 at 11–16]. Whitley initially sought $251.25 for attorney work. [*Id.* at 15]. The Commissioner argues that this failed to support an adjustment, noting that Plaintiff's counsel submitted irrelevant CPI data for a metropolitan area outside of Lexington, Kentucky and also failed to provide any support that the prevailing market rate for competent representation in social security cases exceeded the statutory cap. [R. 20 at 5–9]. On reply, Plaintiff revised the request to $245 per hour. [R. 23 at 10]. Plaintiff arrived at this figure by calculating the increase in the CPI for the Midwest All Urban Consumers between 1996 and 2025 (1.96) and multiplying that figure by the EAJA fee ceiling ($125) to produce a figure of $245. [*Id.* at 8–9].

Whitley also offers evidence that the proposed fee falls within the district's appropriate range. In her reply, she cites a social security case in this district that certified an EAJA attorney fee rate of $236.25 per hour. *Mitchell v. O'Malley*, No. CV 5:23-224-DCR, 2024 WL 42302, at *1 (E.D. Ky. Jan. 3, 2024). In *Mitchell*, the court found that the rate was reasonable where "plaintiff . . . provided affidavits of other practicing attorneys within the district indicating that the requested rate is within the prevailing market rate in the eastern district of Kentucky." *Id.* The Court's own research confirms that such a rate, where documented, falls within the range of reasonableness. *See Townsend v. Bisignano*, Civil Action No. 5:25-019-DCR, 2025 U.S. Dist. LEXIS 132998, at *4 (E.D. Ky. July 14, 2025); (finding reasonable a rate of $230 per hour); *Ison*

9

*v. Kijakazi*, No. 7:21-CV-70-JMH, 2022 U.S. Dist. LEXIS 146206, at * (E.D. Ky. Aug. 16, 2022) (finding reasonable a rate of $214.29 and $229.05 per hour). Whitley attached the affidavits of two Kentucky attorneys with experience litigating social security disputes. [R. 23-3; R. 23-4]. Both attorneys stated that "an hourly rate of $245 for an experienced litigator is well within the normal market range[.]" [*Id.*]

Whitley sufficiently supported her request for an upward variance from the statutory hourly rate cap. Although the relevant evidentiary support only arrived in the reply brief, the submitted materials sufficiently establish that $245 is an appropriate hourly rate.[6] Whitley provided Bureau of Labor Statistics data supporting her rate calculation. [R. 23-5]. She provided the declarations of two social security attorneys, unaffiliated with Plaintiff counsel's firm, who stated that the proposed rate is reasonable and in line with experienced attorneys in the relevant market. This satisfies the standard that the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450. Accordingly, the Court finds than an hourly attorney rate of $245 is reasonable.

**2**

Initially, Whitley requested $120 per hour for paralegal work. [R. 19-3 at 2]. The Commissioner opposed this, arguing that a paralegal fee at a rate of $100 per hour is more in line with the Eastern District's practice. [R. 20 at 9]. On reply, Whitley did not address this argument but did submit a revised timesheet reducing the paralegal hourly rate to $100 per hour. [R. 23-8].

---

[6] The EAJA requires a party to file their motion for attorney fees within 30 days of the entry of "final judgment," meaning when the judgment is final and no longer appealable. 28 U.S.C. § 2412(d)(2)(G). That period begins 60 days after the entry of judgment in a social security case. Fed. R. App. P. 4(a)(1)(B). In other words, Whitley had 90 days to file her EAJA petition for fees. That deadline in this case was July 2, 2025. Whitley filed her motion timely on April 22, 2025. [R. 19]. She then filed the reply brief on June 3, 2025. [R. 23]. Accordingly, Whitley's initial motion and subsequent evidentiary supplementation in the reply brief were timely.

10

In reviewing the practice in this District, the Court agrees that an hourly rate of $100 for paralegal work is appropriate.

The Court notes, however, that paralegal fees are only recoverable under the EAJA "to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client." *Whitaker v. Kijakazi*, Civil Action No. 5:21-CV-163-CHB, 2022 U.S. Dist. LEXIS 146739, at *8 (E.D. Ky. Aug. 17, 2022) (citation modified). "In other words, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Id.* (quoting *Echols v. Express Auto, Inc.*, 857 F. App'x 224, 229 (6th Cir. 2021)). Whitley requests 1.0 hour of paralegal time for "adjusting timesheets." [R. 23-8]. This is a clerical or secretarial task. *See Plotecher v. Comm'r of Soc. Sec.*, No. 2:18-cv-00010, 2019 U.S. Dist. LEXIS 244769, at *8 (W.D. Mich. Oct. 1, 2019) (finding that "preparing initial EAJA documents" is "more properly considered clerical or secretarial and is not compensable."). Accordingly, the Court will strike that hour of paralegal time but otherwise awards the paralegal hourly fee as $100 per hour.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, the Court in its discretion determines that Whitley is entitled to 26.2 hours of attorney time at a rate of $245 per hour. Whitley is further entitled to 3.0 hours of paralegal time at a rate of $100 per hour. The total EAJA award is thus $6,719.00.

### III

Whitley is entitled to an EAJA attorney fee award. But the Court will not compensate Plaintiff's counsel for work they completed previously and for which they received EAJA payment. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Whitley's Motion for Order **[R. 24]** is **GRANTED**.

2. Whitley's Motion for Attorney's Fees **[R. 19]** is **GRANTED in part** and **DENIED in part**.

3. Plaintiff is awarded EAJA attorney fees in the amount of **$6,719.00**.

4. If, after receiving the Court's EAJA fee Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fee will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commission cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

This 30th day of March, 2026.

Gregory F. Van Tatenhove
United States District Judge

12

13